**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVERBANK,
a federal savings bank,

    Plaintiff,

vs.                                                                   CASE NO. 3:10-cv-1175-J-12TEM

FIFTH THIRD BANK,
a national banking association as
successor to R-G Crown Bank,

    Defendant.
_____

## O R D E R

This case came before the Court on March 19, 2012 for a telephonic hearing on Plaintiff's Motion to Compel and Memorandum of Law in Support (Doc. #22, Motion to Compel) and Defendant Fifth Third Bank's Memorandum of Law in Opposition to Everbank's Motion to Compel Regarding the Repurchase Database (Doc. #28, Response).[1] Counsel for both sides appeared telephonically and argued their respective positions.[2] Additionally, counsel responded to specific questions of the Court. During the course of the hearing, Defendant was directed to present additional documents to the Court for an *in camera* review. Those documents were received on April 3, 2012. In the interim, Defendant's Notice of Filing Supplements (Doc. #38, Notice) was also filed. Defendant's Notice contains excerpts from the deposition transcript of Ms. Susan Parrett, a member of

---

[1]Prior to the hearing, the Court permitted the parties to file under seal an exemplar of the disputed electronic documents (*see* Doc. #25, Court Order granting Motion to Seal).

[2]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Defendant's Risk Management.

Plaintiff seeks to compel production of the information contained within Defendant's "Repurchase Database" that pertains to the approximately eighty-two loans which form the basis for the instant litigation.[3] *See generally*, Motion to Compel. Defendant argues it should not be required to produce the sought information because the database entries regarding Plaintiff's "repurchase demands that occurred after October 2008 were prepared in anticipation of litigation." Defendant's Response at 2. Relying on deposition testimony from one current and one former Fifth Third employee, Plaintiff argues the database and all entries therein are work records kept in the normal course of Defendant's business. Motion to Compel at 5 n.7, 9-11. Defendant alternatively argues the information in dispute may be properly characterized as "dual purpose documents," which should be afforded the same protection from discovery as attorney-client work product. Defendant's response at 3-5.

As in many discovery disputes, both sides have made valid arguments and have cited to persuasive authority for their respective positions. As an alternative to producing the information from the Repurchase Database, Defendant contends Plaintiff should accept a spreadsheet prepared by Defendant's personnel, which Defendant states summarizes the discoverable information from the Repurchase Database. Defendant's Response at 2. Fifth Third urges the Court to accept the spreadsheet as "substantially equivalent to the information contained in the Database." *Id.* Defendant's argument ignores that the parties

---

[3]Exhibit 3 to Defendant's Response details information for eighty-two loans. Defendant's Response at Docket Entry 28-3. Exhibit 24 from Ms. Parratt's deposition appears to contain information for eighty-four loans. Defendant's Notice at Docket Entry 38-1. The apparent inconsistency has no bearing on the Court's ruling.

are entitled to broad discovery and are not limited to acceptance of substitute information prepared by the opposing side. *See, e.g., United States v. Wright Motor Co.*, 536 F.2d 1090, 1095 (5th Cir. 1976) ("generally the scope of inquiry for the purposes of discovery is broader than the test for admissibility at trial").[4]

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.1993). The trial court's exercise of discretion regarding discovery orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in "substantial harm to the party seeking relief." *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472, 1477 (11th Cir.1991)*; see also, Commercial Union Ins. Co.,* 730 F.2d at 731. In order to decide whether motions to compel should be granted, the Court must first decide if the information sought "appears reasonably calculated to lead to the discovery of admissible evidence" under Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any matter, *not privileged*, that is relevant to the claim or defense of any party. . . . " Fed. R. Civ. P. 26(b)(1) (emphasis added).

The work product doctrine protects the work of an attorney from encroachment by opposing counsel. *Hickman v. Taylor,* 329 U.S. 495 (1947)*; Palmer v. Westfield Ins. Co.,* No. 5:05-CV-338-Oc-10GRJ, 2006 WL 2612168 (M.D. Fla. Jun. 30, 2006).[5] Typically, work

---

[4]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5]Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after

product applies to documents prepared principally or exclusively to assist in anticipated or ongoing litigation. *Hickman*, 329 U.S. at 511-12; *Palmer*, 2006 WL 2612168 at *3. In *Palmer*, the court held the documents generated by a special investigations unit of the insurer, after counsel was retained due to questions surrounding plaintiff's insurance claim, were prepared in anticipation of litigation and subject to the work product doctrine. *Id.* at *3. However, merely because an investigation occurs before initiation of a lawsuit, it does not automatically mean the investigation was undertaken with the prospect of litigation foreseen. *Id.* at *3-4. The party "asserting the work product privilege has the burden to prove that the documents sought are protected work product." *Hernandez v. Wilsonart Int'l*, No. 2:09-cv-747-FtM-36SPC, 2010 WL 2653223 (M.D. Fla. Jul. 2, 2010) (citing to *Palmer*, 2006 WL 2612168.)

Work product immunity attaches to documents that are prepared by attorneys and their agents in anticipation of litigation*. Hope for Families & Community Serv., Inc. v. Warren*, No. 3:06-CV-1113-WKW, 2009 WL 1066525, at *8-9 (M.D. Ala. Apr. 21, 2009). Documents that would have been prepared in the normal course of business, irrespective of whether or not an attorney was sent a copy, are not privileged as attorney-client communications or work product. *Freiermuth v. PPG Indus., Inc.*, 218 F.R.D. 694, 700 (N.D. Ala. 2003). Additionally, the fact a party retains an attorney, or initiates an investigation, or engages in negotiations over a claim is not determinative *per se* as to whether litigation was anticipated. *Id.* at 700. The Court will weigh all relevant facts in determining the proper application of privileges to documents sought in discovery.

---

January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

However, once established, the qualified privilege of work product can be rebutted only if the party can demonstrate both a substantial need for materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3).

Some courts have recognized documents may have a dual purpose, wherein the record generally may have been prepared in the normal course of business but in a particular instance was prepared in anticipation of litigation at the direction of legal counsel for counsel's use in the anticipated lawsuit. *See Hope for Families*, 2010 WL 1066525 at *8 (discussing *Haugh v. Schroder Inv. Mgmt. North America, Inc.*, No. 02CIV7955DLC, 2003 WL 21998674 (S.D.N.Y. Aug. 25, 2003) for the proposition that a consultant-prepared press release held the "dual purpose" of developing both media and litigation strategies and therefore fell within the work product doctrine); *In re Trasylol Prod. Liability Litigation*, No. 08-1928-MDL, 2009 WL 2575659, at * 4 (S.D. Fla. Aug. 12, 2009) (stating "dual purpose" documents created because of the "prospect of litigation' may be entitled to work product protection even though the documents were also prepared for business reasons).

The record in this case reveals Defendant Fifth Third Bank has used the Repurchase Database in the normal course of its business for a number of years which predate the initiation of this lawsuit. *See* Motion to Compel at Docket Entry 22-10 (deposition excerpt of Ms. Jennifer Bryan, stating the Access database was also known as the Repurchase Database and had existed during her employment at Fifth Third since 2007); Defendant's Response at 1 (stating the Repurchase Database was revised in 2009 so Fifth Third employees could enter comments). The database is a dynamic depository of information related to specific loans, including those loans underlying this litigation.

While individual paper documents may be prepared solely in the normal course of business or solely in anticipation of litigation, the ongoing, dynamic nature of electronic databases creates the potential for hybrid documents.  Hybrid documents may be created in the normal course of business initially, but through amendments, additions and changes become documents created in anticipation of litigation later, particularly if the documents are maintained in electronic format.  A database containing both information entered in the normal course of business and information that was entered in the anticipation of litigation may be subject to limited work product privilege.  Conceivably, the information entered at the direction of legal counsel would be subject to work product privilege if it would reveal the legal strategies or theory of the case upon which counsel intends to rely.  *See Regency of Palm Beach, Inc. v. QBE Ins.*, 259 F.R.D. 645, 649-50 (S.D. Fla. 2009) (citing to *Hickman v. Taylor*, 329 U.S. at 510-11).

Any database that contains an easily recognizable time line of data entry, may have discoverable information up to the date data was entered under direction of legal counsel for use in litigation by legal counsel.  The Repurchase Database fits this description.  The Court's *in camera* review of ten disputed loans reveals there are data entries made by Fifth Third employees that contain information subject to immunity from production to Everbank under the work product doctrine.

Although it does not appear the Eleventh Circuit has specifically defined the meaning of the phrase "prepared in anticipation of litigation," the former Fifth Circuit has stated that "litigation need not necessarily be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Trasylol*, 2009 WL 2575659 at *4 (quoting *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit

A Feb. 1981). The Middle District of Florida has recognized the "determinative question [of the work product privilege] is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document." *United States Fidelity & Guaranty Co. v. Liberty Surplus Ins. Corp.*, 630 F.Supp.2d 1332, 1337 (M.D. Fla. 2007). The court in *United States Fidelity & Guaranty* also recognized in its case, which pertained to insurance litigation, that there is "no bright line rule" marking a boundary "between documents protected under the work product privilege and documents produced in the ordinary course of business." *Id.* However, that court agreed with a number of other courts in finding the date coverage is denied by the insurer reasonably denotes when "it is fairly certain there is an anticipation of litigation." *Id.*

Here, the Court finds it was subjectively reasonable to anticipate litigation on the subject repurchase loans after December 1, 2008, the date on which Fifth Third's Director of Credit Risk Controls sent an email to personnel at Everbank advising, "yours (sic) and Fifth Third's legal teams are debating" the repurchase demands and "inquiries can be addressed through your legal department to ours." Defendant's Response at Docket Entry 28-1, p.1.

Thus, upon consideration of the instant motion, the response and the argument of the parties as stated in the memoranda and at the hearing, the Court finds Plaintiff's Motion to Compel is due to be **granted in part and denied in part**. In summary, the Court finds the information contained within the Repurchase Database pertaining to the loans that form the basis for this litigation is discoverable. Moreover, because the dispute pertain to a finite number of loans, that number less than one hundred, the Court finds production of this information would not be unduly burdensome on Defendant. The exemplars presented to

the Court for *in camera* review averaged six pages of data per loan. Production of less than five hundred printed pages would not overburden Defendant.

Accordingly, Defendant is directed to print the information from the Repurchase Database for each of the loans in dispute in this litigation. After producing this data in printed form, Defendant may redact from the "Repurchase Data: Comments Form" entries that were made on or after December 1, 2008 **and** reflect comments either made by Defendant's attorneys or other agents that would be reasonably construed as pertaining to legal strategy or legal theory. *See Hines v. Widnall*, 183 F.R.D. 596, 600 (N.D. Fla. 1998) (finding that documents prepared in anticipation of litigation must contain mental impressions, thoughts or opinions of an attorney or other agent before the documents meet the definition of attorney work product). The Court notes this qualification on the redaction casts a broad net, but relies upon the integrity of Defendant's legal counsel to make proper redactions. The redacted documents shall be served on Plaintiff's counsel as soon as practicable, but **no later than May 23, 2012**. At this point, the Court finds the printed images of the electronically stored information will suffice for production to Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2012.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record